JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

*Attorney for Plaintiffs*
Leticia Pagkalinawan

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| LETICIA PAGKALINAWAN, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC dba MONTEREY COLLECTION SERVICES,<br><br>Defendant. | CIVIL NO. 1:22-CV-00343<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227 *et seq.* (TELEPHONE CONSUMER PROTECTION ACT); SUMMONS<br><br>JURY TRIAL REQUESTED |

Plaintiff Leticia Pagkalinawan (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by way of Class Action Complaint against defendant Monterey Financial Services, LLC doing business as Monterey Collection Services (hereinafter "Defendant"), alleges upon personal knowledge, information, and belief, as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action for injunctive relief, statutory damages, and other legal and equitable remedies due to the illegal actions taken by Defendant in contacting Plaintiff and other Class Members on their cellular telephones without these individuals' prior express consent, within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and the Federal Communication Commission ("FCC") Rules promulgated thereunder, 47 C.F.R. § 64.1200 ("TCPA"). Defendant has violated the TCPA by contacting Plaintiff and Class Members on their cellular telephones via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without these individuals' prior express consent, within the meaning of the TCPA.

## JURISDICTION AND VENUE

2.    This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. This Court accordingly has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Furthermore, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.     This Court has personal jurisdiction over Defendant as its conduct at issue occurred in, or was directed towards, individuals in the state of Hawaii. Defendant has established the minimum contact that shows that they have purposefully availed themselves of the resources and protection of the State of Hawaii.

5.     Venue is proper in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), as Defendant is deemed to be resident in any judicial district in which it is subject to personal jurisdiction at the time an action is commenced, and Defendant's contacts with this District are sufficient to subject them to personal jurisdiction.

6.     Venue is also proper in this District as Plaintiff's permanent residence is located in this District.

## PARTIES

7.     Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of Hawaii.

8.     Defendant is a limited liability company organized in the State of Nevada and with its principal place of business in the State of California.

9.     Defendant is registered as an "Exempt Out-of-State Collection Agency" in the State of Hawaii.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"), 47 U.S.C. § 227

10.     In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints as to certain telephone contact practices.

11.     The TCPA regulates, among other things, the use of automated telephone equipment, or "auto dialers."  The plain language of Section 227(b)(1)(A)(iii) specifically prohibits the use of auto dialers to make any call to a wireless telephone number in the absence of emergency or without the prior express consent of the called party.[2]

12.     According to findings made by the FCC, the agency that the United States Congress vested with authority to issue regulations implementing the TCPA, such telephone calls are prohibited because Congress found that automated and prerecorded calls pose a greater nuisance and invasion of privacy than live solicitation calls, and the calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls regardless of whether they pay in advance or after the minutes are spent.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 ("TCPA"). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG

13.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to wireless telephone numbers made by creditors (or on behalf of creditors) are permitted only if such calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

14.     The FCC emphasized in the same Declaratory Ruling that creditors and their third-party debt collectors are liable pursuant to the TCPA for debt collection calls made on creditors' behalf.  ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.  Calls placed by a third-party collector on behalf of that creditor are treated as if the creditor itself placed the call...  A third party collector may also be liable for a violation of the Commission's rules."[6]).

---

Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] 2008 FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *Id*.

# FACTUAL ALLEGATIONS

15.     Plaintiff is, and at all times mentioned herein was, a "person" defined by 47 U.S.C. §153(39).

16.     Plaintiff is the owner of her mobile plan account and has possessed her current cellular telephone number since approximately the year 2010.

## *June 6, 2019 Phone Call from Defendant*

17.     On June 6, 2019, Plaintiff received a telephone call on her cellular telephone number from Defendant.

18.     Defendant left a voicemail stating "For Leticia Pagkalinawan in reference to World Discovered Pacific.  This is Tessa.  This matter has been turned over to my office and I need a return call from you today. My toll-free number here is 877-775-3091, extension is 1319."

## *September 3, 2019 Phone Call from Defendant*

19.     On September 3, 2019, Plaintiff received a telephone call on her cellular telephone number from Defendant.

20.     Defendant left a voicemail stating "Message is for Leticia Pagkalinawan in reference to World Discovered Pacific.  This matter has been turned over to my office and I need a return call from you today. My toll-free number is 877-775-3091, extension is 1319."

## *June 2020 Phone Calls from Defendant*

21.     In the month of June 2020, Plaintiff received multiple telephone calls on her cellular phone number from Defendant.

22.     On June 5, 2020, Defendant left a prerecorded voicemail stating "This is Monterey Financial Services with an important message.  This is an attempt to collect a debt.  Please do not erase this message until you call us at 877-444-9967. Again, that number is 877-444-9967.  Thank you."

23.     Defendant also left the same prerecorded voicemail message it did on June 5, 2020 for Plaintiff on June 10, 2020, June 18, 2020, June 23, 2020, and June 25, 2020.

### *July 2020 Phone Calls from Defendant*

24.     On the month of July 2020, Plaintiff received multiple telephone calls on her cellular phone number from Defendant.

25.     On July 14, 2020, Defendant left the same prerecorded voicemail that it did on June 5, 2020, stating:  "This is Monterey Financial Services with an important message.  This is an attempt to collect a debt.  Please do not erase this message until you call us at 877-444-9967.  Again, that number is 877-444-9967. Thank you."

26.     Defendant also left the same prerecorded voicemail message for Plaintiff on July 31, 2020.

27. On July 21, 2020, Defendant left a prerecorded voicemail stating: "This is Monterey Financial Services with an important message. This is an attempt to collect a debt. Please do not erase this message until you call us at 877-444-9967. Again, that number is 877-444-9967. Thank you."

28. Defendant also left the same prerecorded voicemail message as its July 14, 2020 voicemail for Plaintiff on July 23, 2020 and July 28, 2020.

29. The only difference in the voicemails Defendant left in July 2020 is that those left on July 14, 2020 and July 31, 2020 bear a male voice, whereas the voicemails Defendant left on July 21, 2020, July 23, 2020, and July 28, 2020 bear a female voice.

### *September 2020 Phone Calls from Defendant*

30. In the month of September 2020, Plaintiff received multiple telephone calls from Defendant on her cellular telephone number.

31. On September 17, 2020, Defendant left a prerecorded voicemail stating:

> You have received an important message from Monterey. Please press 1 to speak to an available live representative. This is a phone call from Monterey. By continuing to listen to this message you acknowledged you have an account with Monterey. You should not listen to this message so that other people can hear it as they contains personal and private information. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office today at 877-775-3091. This is a phone call from Monterey. By continuing to listen to this message you acknowledged you have an account with Monterey. You should not listen to this

message so that other people can hear it as it contains personal and private information. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office today at 877-775-3091.

32. On September 18, 2020, Defendant left the same prerecorded voicemail stating:

You have received an important message from Monterey. Please press 1 to speak to an available live representative. This is a phone call from Monterey. By continuing to listen to this message you acknowledged you have an account with Monterey. You should not listen to this message so that other people can hear it as it contains personal and private information. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office today at 877-775-3091. This is a phone call from Monterey. By continuing to listen to this message you acknowledged you have an account with Monterey. You should not listen to this message so that other people can hear it as it contains personal and private information. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office today at 877-775-3091.

33. On September 23, 2020, Defendant left the same prerecorded voicemail stating:

You have received an important  message from Monterey. Please press 1 to speak to an available live representative. This is a phone call from Monterey. By continuing to listen to this message you acknowledged you have an account with Monterey. You should not listen to this message so that other people can hear it as it contains personal and private information. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office today at 877-775-3091. This is a phone call from Monterey. By continuing to listen to this message you acknowledged you have an account with Monterey. You should not listen to this message so that other people can hear it as it contains personal and private information. This is an attempt to collect a debt and any

information obtained will be used for that purpose. Please contact our office today at 877-775-3091.

34.    Defendant also left these same prerecorded voicemail messages for Plaintiff on September 29, 2020 and September 30, 2020, stating the same prerecorded message as the September 18, 2020 voicemail.

### *December 2020 Prerecorded Calls from Defendant*

35.    In the month of December 2020, Plaintiff received multiple telephone calls on her cellular phone number from Defendant.

36.    On December 4, 2020, Defendant left a prerecorded voicemail stating "This is Monterey Financial Services with an important message. This is an attempt to collect a debt. Please do not erase this message until you call us at (877) 444-9967. Again, that number is (877) 444-9967. Thank you."

37.    Defendant also left the same prerecorded voicemail message for Plaintiff on December 16, 2020 using the same recording as the December 4, 2020 prerecorded voicemail.

38.    On December 8, 2020, Defendant left a prerecorded voicemail stating "This is Monterey Financial Services with an important message. This is an attempt to collect a debt. Please do not erase this message until you call us at (877) 444-9967. Again, that number is (877) 444-9967. Thank you."

39.     Defendant also left the same prerecorded voicemail message for Plaintiff on December 22, 2020 using the same recording as the December 8, 2020 prerecorded voicemail.

40.     The voicemails Defendant left on December 4, 2020 and December 16, 2020 are the same one used by Defendant on July 21, 2020, while the voicemails Defendant left on December 8, 2020 and December 22, 2020 are the same one used by Defendant on June 5, 2020.

### *July 2021 Phone Calls from Defendant*

41.     In the month of July 2021, Plaintiff received multiple telephone calls on her cellular phone number from Defendant.

42.     On July 9, 2021, Defendant left a voicemail stating "This is Monterey Financial Services with an important message.  This is an attempt to collect a debt.  Please do not erase this message until you call us at (877) 444-9967.  Again, that number is (877) 444-9967.  Thank you."

43.     Defendant continues to leave voicemail messages to Plaintiff on July 16, 2020 and July 30, 2021 bearing the same message on July 9, 2021 voicemail.

44.     All of the voicemails Plaintiff received in July 2021 appear to be prerecorded.

### *August 2021 Phone Calls from Defendant*

45.    In the month of August 2021, Plaintiff received multiple telephone calls on her cellular phone number from Defendant.

46.    On August 20, 2021, Defendant left a voicemail stating:

> You have received an important message from Monterey.  Please press 1 to speak to an available live representative.  This is a phone call from Monterey.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear it as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact our office today at (877) 775-3091.  This is a phone call from Monterey.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear it as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact our office today at (877) 775-3091.

47.    Defendant also left the same prerecorded voicemail message for Plaintiff on August 27, 2021.

### *August 30, 2021 Phone Calls from Defendant*

48.    On August 30, 2021, Plaintiff received multiple telephone calls from Defendant.

49.    One of the August 30, 2021 calls was to Plaintiff's cellular telephone number.

50.    The August 30, 2021 phone call to Plaintiff's cellular telephone number left a voicemail stating "Message is for Leticia Pagkalinawan.  This is Courtney giving a call to you referencing World Discovered.  This has been turned

over to my office, and I do need a return call from you.  My number to resolve is (877) 775-3091 extension 1458."

51.     Defendant's other August 30, 2021 call was to Plaintiff's office telephone number.

52.     The August 30, 2021 phone call to Plaintiff's office telephone number left a voicemail stating "Message for Leticia Pagkalinawan.  This is Courtney calling representing World Discovered.  This has been turned over to my office and I need a return call from you today.  My toll-free number is (877) 775-3091 extension 1458."

### *September Telephone Calls from Defendant*

53.     In September 2021, Plaintiff received multiple telephone calls on her cellular telephone number from Defendant.

54.     On September 12, 2021, Defendant left a voicemail stating:

> Please press 1 to speak to an available live representative.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information. This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at www.montereyfinancial.com to make a payment, review your account detail, and update your contact information.  The website is www.montereyfinancial.com.  You may also contact our office today at (877) 775-3091.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please

visit our website at [www.montereyfinancial.com](www.montereyfinancial.com) to make a payment, review your account detail, and update your contact information. The website is [www.montereyfinancial.com](www.montereyfinancial.com). You may also contact our office today at (877) 775-3091.

55. On September 16, 2021, Defendant left a voicemail stating "

56. Defendant again made another telephone call to Plaintiff on September 16, 2021, leaving a voicemail stating "

### *October 15, 2021 Phone Calls from Defendant*

57. On October 15, 2021, Plaintiff received multiple telephone calls on her cellular telephone number from Defendant.

58. One of Defendant's October 15, 2021 calls was to Plaintiff's cellular telephone number.

59. The October 15, 2021 phone call to Plaintiff's cellular telephone number left a voicemail stating "Message is for Leticia Pakalinawana. This is Jasmine calling in reference to World Discovered. It is important that you return my call. Toll-free number (877) 775-3091, direct extension 1078."

60. Defendant's other October 15, 2021 call was to Plaintiff's office telephone number.

61. The October 15, 2021 phone call to Plaintiff's office telephone number left a voicemail stating "Message for Leticia Paragon. This is Jasmine. It is important that you call me back. Toll-free number (877) 775-3091, direct extension 1078."

### *Additional October 2021 Telephone Calls from Defendant*

62.     Over the course of October 2021, Plaintiff received additional telephone calls on her cellular telephone from Defendant.

63.     On October 18, 2021, Defendant left a voicemail, stating "Message is for Leticia Pakaliwanana.  This is Jasmine calling you in reference to World Discovered.  It is important to reach on my call.  Toll-free number (877) 775-3091, direct extension 1078."

64.     On October 22, 2021, Defendant left a prerecorded voicemail, stating

>       1 to speak to an available live representative.  By continuing to listen to this message you acknowledge you have an account with Monterey. You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at www.montereyfinancial.com to make a payment, review your account detail, and update your contact information.  The website is www.montereyfinancial.com.  You may also contact our office today at (877) 775-3091.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at www.montereyfinancial.com to make a payment, review your account detail, and update your contact information.  The website is www.montereyfinancial.com. You may also contact our office today at (877) 775-3091.

65.     On October 26, 2021, Defendant left another prerecorded voicemail, stating:

>       review your account details, and update your contact information. The website is www.montereyfinancial.com.  You may also contact

our office today at (877) 775-3091.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at www.montereyfinancial.com to make a payment, review your account detail, and update your contact information.  The website is www.montereyfinancial.com.  You may also contact our office today at (877) 775-3091.

66.     On October 27, 2021, Defendant left a voicemail, stating:

Please press 1 to speak to an available live representative.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at www.montereyfinancial.com to make a payment, review your account detail, and update your contact information.  The website is www.montereyfinancial.com.  You may also contact our office today at (877) 775-3091.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at www.montereyfinancial.com to make a payment, review your account detail, and update your contact information.  The website is www.montereyfinancial.com.  You may also contact our office today at (877) 775-3091.

67.     The voicemails Defendant left on October 15, 2021 and October 18, 2021 were from Defendant's representative Jasmine.

68.     Defendant's voicemails left on October 22, 2021, October 26, 2021, and October 27, 2021 were prerecorded.

### *<u>November 1, 2021 Phone Call to Defendant</u>*

69.     On November 1, 2021, Plaintiff received a telephone call on her cellular telephone number from Defendant.

70.     Defendant's November 1, 2021 prerecorded message stated:

> Please press 1 to speak to an available live representative.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at [www.montereyfinancial.com](www.montereyfinancial.com) to make a payment, review your account detail, and update your contact information.  The website is [www.montereyfinancial.com](www.montereyfinancial.com).  You may also contact our office today at (877) 775-3091.  By continuing to listen to this message you acknowledged you have an account with Monterey.  You should not listen to this message so that other people can hear as it contains personal and private information.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please visit our website at [www.montereyfinancial.com](www.montereyfinancial.com) to make a payment, review your account detail, and update your contact information.  The website is [www.montereyfinancial.com](www.montereyfinancial.com).  You may also contact our office today at (877) 775-3091.

71.     Upon information and belief, Defendant's telephone calls to Plaintiff's cellular telephone were made in attempt to collect a debt allegedly owed by Plaintiff.

72.     Upon information and belief, as a large debt collector and based on the nature of the calls and voicemail messages that Plaintiff received, Defendant utilizes an automated telephone dialing system(s) in the course of its collection activities.

73.     Defendant is, and at all times mentioned herein was, a "person" as defined pursuant to 47 U.S.C. § 153(39).

74.     All telephone contact made by Defendant to Plaintiff at the latter's cellular telephone number occurred via "ATDS" as defined pursuant to 47 U.S.C. § 227(a)(1) and/or via "artificial or prerecorded voice" as described under 47 U.S.C. § 227(b)(1)(A).

75.     The telephone number at which Plaintiff was contacted on Defendant behalf via "ATDS" and/or via "artificial or prerecorded voice" was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

76.     Plaintiff did not provide her "prior express consent" to allow Defendant to place calls to Plaintiff's cellular telephone number via use of "ATDS" or "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A).

77.     Moreover, Defendant's calls placed to Plaintiff's cellular telephone number were not made "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

78.     Defendant's calls to Plaintiff's cellular telephone number via "ATDS" or "artificial or prerecorded voice," made for non-emergency purposes and in the absence of Plaintiff's "prior express consent," violated 47 U.S.C. § 227(b)(1)(A).

79.     Pursuant to the TCPA and the FCC's January, 2008 Declaratory

Ruling, it is defendants' burden to demonstrate that Plaintiff provided Defendant

with "prior express consent" within the meaning of the Statute.[7]

## CLASS ACTION ALLEGATIONS

80.     Plaintiff brings this action on behalf of herself and all other persons

similarly situated (hereinafter referred to as the "Class").

81.     Plaintiff proposes the following Class definition, subject to

amendment as appropriate:

> All persons in the State of Hawaii who, at any time in the four
> years preceding the filing of this action, received one (1) or
> more non-emergency telephone call(s) from defendant to
> cellular telephone numbers via use of automatic telephone
> dialing system(s) and/or artificial or prerecorded voice, but had
> not provided prior express consent to receive such calls.

The above-defined persons will be collectively referred to as "Class Members."

Plaintiff represents, and is a member of, the Class.  Excluded from the Class are

Defendant and any and all entities in which Defendant possesses a controlling

interest;  Defendant's agents and employees; any Judge to whom this action is

assigned; any member of such Judge's staff or immediate family; and claims for

personal injury, wrongful death, and/or emotional distress.

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

82. Plaintiff is unaware of the exact number of the Class Members, but reasonably believes that Class Members' number, at a minimum, is in the hundreds, if not thousands.

83. Plaintiff and all Class Members have been harmed by Defendant's acts because their privacy has been violated; they were subject to annoying and harassing telephone calls that constitute a nuisance; and they were charged for Defendant's incoming telephone calls.

84. The subject Class Action Complaint seeks injunctive relief and money damages.

85. Joinder of all Class Members is impracticable due to both the large Class size and relatively modest value of each individual claim. The claims' disposition as a Class Action suit will provide substantial benefit to the parties and to the Court, avoiding multiplicity of identical suits. The Class can easily be identified by way of records maintained by Defendant and/or by the creditors on whose behalf Defendant placed the subject telephone calls.

86. There are well-defined and nearly identical questions of law and fact that affect all parties. The questions of law and fact as to the Class' claims predominate over questions that may affect individual Class Members. Such common questions of law and fact include, but are not limited to, the following:

a.   Whether non-emergency telephone calls made to Plaintiff and Class Members' cellular telephones utilized an ATDS and/or artificial or prerecorded voice;

b.   Whether Defendant placed such telephone calls;

c.   Whether Defendant's conduct was knowing and/or willful;

d.   Whether Defendant can meet its burden of showing that they obtained "prior express consent" (*i.e.*, clearly and unmistakably stated consent) to make such calls;

e.   Whether Defendant is liable for damages, as well as the amount of such damages; and

f.   Whether Defendant should be enjoined from engaging in the above-mentioned conduct in the future.

87.   As a person who received telephone calls via an ATDS and/or artificial or prerecorded voice without her "prior express consent" within the meaning of the TCPA and FCC Rules, plaintiff asserts claims that are typical of each and all Class Members.  Plaintiff has no interest that is antagonistic to the interest of any other Class Member, and she will fairly and adequately represent and protect the Class' interests.

88.   Plaintiff has retained counsel experienced in handling Class Action claims that involve federal and state consumer protection statute violations, including claims made pursuant to the TCPA.

89.   A Class Action is the superior method for the fair and efficient adjudication of this controversy.  Class-wide relief is essential for compelling

defendant to comply with the TCPA. Each Class Member's interest in individually controlling the prosecution of a separate claim against defendant is minute because an individual action's statutory damages for a TCPA violation is small. Management of these claims is likely to be significantly less difficult than management of many other Class claims, as all of the telephone calls at issue are automated and/or utilize a prerecorded voice and the Class Members did not provide the statutorily required "prior express consent" to authorize the calls placed to their cellular telephone numbers.

90. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate the overall Class' final injunctive relief and corresponding declaratory relief. Plaintiff additionally alleges, upon information and belief, that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 et seq.

91. Plaintiff incorporates the foregoing paragraphs of this Complaint by reference, as if fully stated herein.

92. Defendant's foregoing acts and omissions constitute multiple knowing and/or willful violations of the TCPA; including, but not limited to, each and all of the above-cited provisions of 47 U.S.C. § 227 et seq.

93. Due to Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each Class Member are entitled, pursuant to 47 U.S.C. § 227(b)(3), to treble damages of up to $1,500.00 for each and every telephone call that constitutes a statutory violation.

94. Plaintiff and all Class Members are also entitled to, and do seek, injunctive relief to prohibit Defendant from engaging in future conduct that will violate the TCPA.

95. Plaintiff and Class Members are also entitled to award of costs.

## SECOND COUNT: STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.

96. Plaintiff incorporates the foregoing paragraphs of this Complaint by reference, as if fully stated herein.

97. Defendant's foregoing acts and omissions constitute multiple violations of the TCPA; including, but not limited to, each and all of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

98. Due to Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each Class Member are entitled, pursuant to 47 U.S.C. § 227(b)(3)(B), to an award of $500.00 in statutory damages for each and every telephone call that constitutes a statutory violation.

99. Plaintiff and all Class Members are also entitled to, and do seek, injunctive relief to prohibit defendant from engaging in future conduct that will violate the TCPA.

100. Plaintiff and Class Members are also entitled to award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues subject to trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief to Plaintiff and to all Class Members, as against Defendant:

A.   Injunctive relief prohibiting Defendant's future violations of the TCPA;

B.   Statutorily granted treble damages of up to $1,500.00 to Plaintiff as well as to each and all Class Members, for each and every telephone call that violated the TCPA due to Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1);

C.   Statutory damages of $500.00 to Plaintiff as well as to each and all Class Members, for each and every telephone call that violated the TCPA due to Defendant's violations of 47 U.S.C. § 227(b)(1);

D.   An award of costs to counsel for Plaintiff and the Class;

E.   An Order certifying this action as a proper Class Action pursuant to

Federal Rule of Civil Procedure 23, establishing a Class as the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyer(s) and law firm(s) that represent Plaintiff as the Class' counsel; and

F.      Such other relief as the Court deems equitable and just.


DATED: July 28, 2022, Honolulu, Hawaii.

*/s/ Justin A. Brackett*
Leticia Pagkalinawan
*Attorney for Plaintiff*
Justin A. Brackett, Esq.
